IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


KARNOVA AUSTIN,

    Petitioner,

vs.

                                                 CASE NO. 4:07cv301-SPM/WCS

WALTER A. McNEIL,[1]

    Respondent.

_____/


## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by Karnova Austin pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his 1998 convictions for burglary of a dwelling with a person assaulted, armed trespass, and battery in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 1997-CF-789. Petitioner is serving a life sentence for the first offense as an habitual offender and a prison releasee reoffender.

---

[1] Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  FED. R. CIV. P. 25(d).

Respondent filed a motion to dismiss the petition as untimely filed, doc. 5, and a copy of the record, doc. 6. Petitioner filed a response. Doc. 10.

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[2] The limitations period is tolled for "[t]he time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." § 2244(d)(2).

The judgment of conviction and sentence in this case was entered on August 19, 1998. Doc. 6, Ex. D (hereafter references to exhibits are to the paper exhibits filed as document 6). Petitioner took a timely appeal. The judgment was affirmed on March 6, 2000, but the First District Court of Appeal certified to the Florida Supreme Court a

---

[2] The period runs from the latest of these dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D).

Case No. 4:07cv301-SPM/WCS

question of great public importance, whether the Prison Releasee Reoffender Punishment Act violated the separation of powers clause of the Florida Constitution. Ex. H; Austin v. State, 790 So. 2d 433 (Fla. 1st DCA 2000) (Table).  On March 8, 2000, the State filed a motion to stay the mandate because the same issue had been certified to the Florida Supreme Court in several other cases, including Woods v. State, 720 So. 2d 20 (Fla. 1st DCA 1999).  Ex. I.  Petitioner joined in the motion to stay the mandate.  Ex. J.  The First District Court of Appeal granted the motion on March 13, 2000, staying the mandate until the Woods decision was issued.  Ex. K.

The certified question was answered unfavorably to Petitioner by the Florida Supreme Court on June 15, 2000.  State v. Cotton, 769 So. 2d 345, 349-350 (Fla. 2000).  Consequently, the First District Court of Appeal issued its mandate on August 24, 2001.  Ex. L.

Petitioner filed a Rule 3.850 motion on August 20, 2002, which was amended. Exs. M, N, O.  All but one of the claims were summarily denied by an order entered on May 11, 2005; on July 29, 2005, an evidentiary hearing was held on the remaining claim and that claim was denied on November 3, 2005.  Exs. P, Q, R.  Petitioner appealed. Ex. S.  The judgment denying the Rule 3.850 motion was affirmed by the First District Court of Appeal on September 11, 2006, and the mandate issued on October 10, 2006. Exs. V and W.

Petitioner filed his § 2254 petition in this court on June 28, 2007.  Doc. 1, p. 13 (date of signing and delivery to prison officials for mailing to this court).

Respondent argues that the federal one year period started to run ninety days after March 6, 2000, even though the First District Court of Appeal certified a question of

great public importance to the Florida Supreme Court.  Assuming that the March 6, 2000, judgment was "final," Petitioner had ninety days from the date of entry of that judgment, not from issuance of the mandate, to seek certiorari in the United States Supreme Court.  Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274-1275 (11th Cir. 2006) (citing Supreme Court Rule 13).[3]  The judgment becomes "final" as intended by § 2244(d)(1)(A) at the end of ninety days if certiorari is not sought.  *Id.*  Making this assumption, Sunday, June 4, 2000, was the last day to seek certiorari in the Supreme Court.  Since this was a Sunday, an additional day would be added.[4]  Therefore, the AEDPA one year period started to run on Tuesday, June 6, 2000.  Petitioner did not file a Rule 3.850 motion until August 20, 2002.  Thus, if the March 6, 2000, judgment was a"final" judgment, Petitioner's one year AEDPA period had expired on June 6, 2001.  When he filed his Rule 3.850 motion, there was no time to toll and his

---

[3] Supreme Court Rule 13.3 provides:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

[4] The 90 days for seeking certiorari runs from the date of the opinion, not the mandate, or (if a petition for rehearing is timely filed) from the denial of rehearing or (if rehearing is granted) the subsequent entry of judgment.  S.CT. RULE 13(3).  In computing time, the event that begins the period is excluded, and the last day is included unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed or inaccessible.  S.CT. RULE 30(1); FED.R.APP.P. 26(a); FED.R.CIV.P. 6(a).

Case No. 4:07cv301-SPM/WCS

§ 2254 petition in this court would be untimely filed. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000).

In support of the contention that the time did not commence later, Respondent states that after the First District Court of Appeal certified the question to the Florida Supreme Court, Petitioner failed to comply with FLA. R. APP. P. 9.120(b) by filing a notice in the Florida Supreme Court invoking jurisdiction. Doc. 5, p. 6. That rule provides:

> **(b) Commencement**. The jurisdiction of the supreme court described in rule 9.030(a)(2)(A) shall be invoked by filing 2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed.

FLA. R. APP. P. 9.120(b). FLA. R. APP. P. 9.030(a)(2)(A)(v) includes the discretionary jurisdiction of the Florida Supreme Court to "pass upon a question certified to be of great public importance." Petitioner has not come forward with any evidence to show that such a notice was filed. Had such a notice and filing fees been filed, the case would have been assigned a number in the Florida Supreme Court and briefs on jurisdiction would have been served ten days after filing the notice. FLA. R. APP. P. 9.120(c).

Instead of going through that procedure, the parties elected to have the mandate stayed until the question was answered in the other cases by the Florida Supreme Court. While this stayed the mandate and left open the possibility of entry of an altered judgment in light of the Florida Supreme Court's ruling, this was not the same as if the First District Court of Appeal had granted rehearing. Had Petitioner sought rehearing in the First District Court of Appeal and had rehearing been granted, then the ninety days

for seeking certiorari in the United States Supreme Court would have commenced from "the subsequent entry of judgment." See footnote 3, *supra*, setting forth the text of S.Ct.R. 13.3. But procedurally, this is not what occurred.

Thus, even though the Florida First District Court of Appeal retained the ability to revisit its decision based upon the outcome in the Florida Supreme Court in the other cases, pursuant to United States Supreme Court Rule 13, Petitioner could have sought review by writ of certiorari in the United States Supreme Court in the ninety day period after March 6, 2000. The March 6, 2000, decision was a final judgment for purposes of S.Ct.R. 13.3 and 28 U.S.C. § 2244(d)(1)(A). The § 2254 petition in this court was untimely filed.

But the court need not rest its decision on the analysis above. Even if the issuance of the mandate were the operative date, this § 2254 petition was not timely filed. Assuming that Petitioner had ninety days after the mandate issue to seek certiorari in the Supreme Court, the state appellate decision was final on Thanksgiving, November 22, 2001, ninety days after August 24, 2001. Since that day was a holiday, the last day for seeking certiorari in the Supreme Court was Friday, November 23, 2001. The AEDPA one year period began to run the next day, on Saturday, November 24, 2001. Petitioner filed his Rule 3.850 motion on August 20, 2002, and by that time, 269 days of the one year period had elapsed. The Rule 3.850 motion tolled the period until the First District Court of Appeal issued its mandate, on October 10, 2006, affirming the denial of that motion. The period began to run again on October 11, 2006. Petitioner did not file his § 2254 petition in this court until June 28, 2007, 270 days later. By then, 539 days had elapsed and the § 2254 petition was not timely filed.

Case No. 4:07cv301-SPM/WCS

There is a presumption that the one year time limit of § 2244 and § 2255 is subject to equitable tolling in "a proper case," *i.e.*, "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (citation omitted).  There counsel mailed the § 2255 motion by regular mail less than a week before it was due and it was not received in time.  The court concluded that equitable tolling did not apply, because even though mail delay was beyond the movant's control, the problem could have been avoided.  177 F.3d at 1272.

Equitable tolling is only sparingly applied.  Arthur v. Allen, 452 F.3d 1234, 1252-53 and n. 18 (11th Cir. 2006) *modified on reh'g*, 459 F.3d 1310 (11th Cir.2006) (replacing the section titled "entitlement to a hearing and discovery" set forth at 452 F.3d at 1247-48), *cert denied*, __ U.S. __, 127 S.Ct. 2033, 167 L.Ed.2d 763  (2007) (equitable tolling may be applied "sparingly" on a showing of both extraorinary circumstances and due diligence; "[t]he focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing.") (citations omitted, collecting cases in the footnote).  Petitioner has not argued equitable tolling, however, and none of the facts of record implicate equitable tolling.

Case No. 4:07cv301-SPM/WCS

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 5, be **GRANTED**, and the 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Karnova Austin, challenging convictions for burglary of a dwelling with a person assaulted, armed trespass, and battery in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 1997-CF-789, be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on February 21, 2008.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**